IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PHILIP M. NELSON,

       Plaintiff,

v.                          OPINION and ORDER

EAU CLAIRE POLICE DEP'T and CHIPPEWA FALLS    24-cv-432-jdp
POLICE DEP'T,

       Defendants.

---

  Plaintiff Phillip M. Nelson, proceeding without counsel, alleges that his federal rights were violated during an incident in which police officers transported him to the hospital against his will. Because Nelson proceeds without prepaying the filing fee, I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Nelson's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint for failure to state a claim upon which relief may be granted, but I will allow Nelson to amend the complaint to fix that problem.

ALLEGATIONS OF FACT

  Nelson's allegations are not fully clear. Nelson needed help, but he was not mentally ill or high on drugs. Chippewa Falls officers transported Nelson to the hospital even though he apparently refused to go and hadn't been arrested. Chippewa Falls officers handcuffed Nelson during the ride, saying that this measure was for their safety and his. Nelson was agitated when he entered the hospital. Nelson asked the officers to remove the handcuffs, but they refused.

Nelson was taken to a hospital room, where he noticed Eau Claire officers outside his door. Officers wanted to strap Nelson into a chair, but he refused. A short time later, officers attacked Nelson. Nelson was "tripped [and] jumped on until [he] stopped," after which the officers slammed him to the floor, causing a torn meniscus. As the officers restrained Nelson, a nurse injected him with drugs, which caused him to lose consciousness. When Nelson came to, he was strapped in a chair and realized that fluids had been drawn from his body.

ANALYSIS

I take Nelson to bring claims for unlawful detention, excessive force, involuntary medication, and unlawful restraint. Nelson has named the Chippewa Falls Police Department and City of Eau Claire as defendants. I will not allow Nelson to proceed against the Chippewa Falls Police Department because it is not a proper defendant in an action under 42 U.S.C. § 1983. *See Best v. City of Portland*, 554 F.3d 698, 698 n.1 (7th Cir. 2009); *Pressley v. City of S. Milwaukee*, No. 21-cv-148, 2022 WL 3603556, at *17 (E.D. Wis. Aug. 23, 2022). I will not allow Nelson to proceed against the City of Eau Claire because he hasn't alleged that the city had a policy or custom that caused the constitutional deprivations that he alleges. *See Montano v. City of Chicago*, 535 F.3d 558, 570 (2008). Generally, claims like the ones Nelson asserts here are brought against the individuals who violated the plaintiff's rights.

I will allow Nelson to file an amended complaint that fixes the above problems. In drafting his amended complaint, Nelson must:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in, or otherwise cause, a violation of his

federal rights. Nelson must take care to allege what each defendant did, or failed to do, to violate his rights.

- Avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that Nelson believes supports a claim, he should identify each defendant who took that action.

- Identify by full name all the individuals that he wishes to sue in the amended complaint's caption.

- Omit legal arguments other than explaining what types of claims wishes to assert.

ORDER

IT IS ORDERED that:

1. Plaintiff Phillip M. Nelson's complaint, Dkt. 5, is DISMISSED for failure to state a claim upon which relief may be granted.

2. Plaintiff may have until October 4, 2024, to submit an amended complaint that fixes the problems identified in this order.

3. Plaintiff must file his amended complaint on the court's nonprisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

5. If plaintiff fails to comply with this order, I may dismiss this case.

6. Plaintiff must inform the court of any new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed.

7. The clerk is directed to send plaintiff copies of this order and the court's nonprisoner complaint form.

Entered September 4, 2024.

                              BY THE COURT:

                              /s/

                              _____

                              JAMES D. PETERSON
                              District Judge