IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PHILIP M. NELSON,

                Plaintiff,

v.                                                OPINION and ORDER

EAU CLAIRE POLICE DEP'T and CHIPPEWA FALLS       24-cv-432-jdp
POLICE DEP'T,

                Defendants.

---

Plaintiff Philip M. Nelson, proceeding without counsel, alleges that Chippewa Falls and Eau Claire police officers violated his rights when they transported him to the hospital and restrained him. I dismissed Nelson's original complaint, Dkt. 1, but I gave Nelson the opportunity to amend the complaint to explain what the officers did to violate his rights and to identify the individual officers responsible, Dkt. 7.

Nelson has now filed an amended complaint. Dkt. 8. It's untimely by a little more than three weeks, and Nelson doesn't provide a persuasive reason for his delay. But I'll overlook the delay, which isn't prejudicial to any potential defendants because no one has been served.

But the amended complaint fails for essentially the same reasons as his original complaint. Nelson expressly says he's suing for a violation of his rights under the Fourth and Fourteenth Amendments and under the "Monell Doctrine." He says that an unnamed Chippewa Falls officer got backup from some Eau Claire officers, that he was restrained in a chair, tackled when he tried to get up, and drugged. His knee was seriously injured. *Id*. at 4. Nelson acknowledges that he was "going through" something and that he was in "true need of assistance." *Id.* at 5. And he says that the officers "still have to be held accountable for their actions and bystanders they can be held accountable under the Monell Doctrine, for their

actions even though they were doing their job properly they are responsible for the safety and well being of the citizens and if they hurt someone doing their job they are responsible." *Id*. at 4.

The amended complaint has three problems. First, Nelson hasn't alleged facts to support a plausible inference that any defendant officer violated the Fourth or Fourteenth Amendment. *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that a "complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face"). He alleges that the officers used significant force on him, but officers are entitled to use force on a resisting subject, and his allegations suggest that he was resisting. And he suggests that the officers were doing their jobs properly and should be liable for his injuries even so. Dkt. 8 at 4. That's not correct: the officers would be responsible for Nelson's injuries only if the injuries resulted from conduct that violates the law.

Second, Nelson again attributes the events that he describes to the officers collectively. Nelson makes no effort to specify which defendant or defendants engaged in the various events he describes. It's not plausible that each defendant participated equally in every one of those actions. *See Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("A complaint based on a theory of collective responsibility must be dismissed.").

Third, Nelson doesn't state a claim against the entity defendants, the Chippewa Falls Police Department and the City of Eau Claire. As I explained in my previous order, the police department isn't a proper defendant in an action under 42 U.S.C. § 1983. Dkt. 7 at 2. Nelson invokes *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), but he includes no allegations that would suggest that any of the officers were acting pursuant to a municipal policy, which is the basic principle of *Monell*. Also, because Nelson hasn't stated a

2

claim against any individual defendant, he cannot establish a claim against the entities. *See Swanigan v. City of Chicago*, 775 F.3d 953, 962 (7th Cir. 2015).

Nelson's amended complaint, like his original complaint, fails to state a claim for which relief can be granted. Because Nelson has failed to correct the problems with his complaint even after I gave him a chance to do so, I will dismiss the case. *Cf. Paul v. Marberry*, 658 F.3d 702, 704–05 (7th Cir. 2011) (court should dismiss case for failure to state a claim upon which relief may be granted after plaintiff fails to correct a pleading that violates Federal Rule of Civil Procedure 8).

ORDER

IT IS ORDERED that:

1. Plaintiff Philip M. Nelson's amended complaint, Dkt. 8, is DISMISSED with prejudice for failure to state a claim.

2. The clerk is directed to enter judgment and close the case.

Entered December 16, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge